TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-94-00636-CR

Alfred Gonzalez, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NO. 0934803, HONORABLE JON N. WISSER, JUDGE PRESIDING

PER CURIAM

 A jury found appellant guilty of aggravated robbery and injury to an elderly person. 
Tex. Penal Code Ann. §§ 22.04(a), 29.03(a) (West 1994). (1) The district court assessed
punishment for each count, enhanced by previous felony convictions, at imprisonment for life.

 Appellant brings forward two points of error complaining of insufficient evidence
and of the failure to instruct on a lesser included offense. For its part, the State challenges our
jurisdiction. Believing the State's challenge to be well-taken, we will dismiss the appeal.

 The district court imposed sentence on July 5, 1994. Appellant timely filed a
motion for new trial. Therefore, the deadline for perfecting appeal was October 3, 1994. Tex.
R. App. P. 41(b)(1). Appellant's notice of appeal was filed on October 31 and his motion for
extension of time was filed November 2, both dates well beyond the fifteen-day grace period. 
Tex. R. App. P. 41(b)(2). The motion for extension of time explained the need for the extension as follows: "[T]his is [appointed] Counsel for Defendant's first appeal, there was
confusion about the time limits, and Counsel for Defendant miscalculated the time for filing
proper notice of appeal." Recognizing that counsel's miscalculation of the appellate time limit
would entitle appellant to an out-of-time appeal in a post-conviction habeas corpus proceeding,
and seeing no reason to delay the inevitable, this Court granted the motion for extension of time
and deemed the notice of appeal timely.

 In granting the motion for extension of time to perfect appeal, we relied on Texas
Rule of Appellate Procedure 2(b), which permits a court of appeals to "suspend requirements and
provisions of any rule in a particular case" for "good cause shown." The Court of Criminal
Appeals has since held that rule 2(b) does not permit us to grant an untimely motion for extension
of time to perfect appeal. Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Under
the circumstances, we lack jurisdiction to dispose of the purported appeal in any manner other
than by dismissing it for want of jurisdiction. Id.

 Upon issuance of this Court's mandate of dismissal, appellant may file a post-conviction application for writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07, § 2
(West Supp. 1996). If an out-of-time appeal is granted and perfected, this Court will entertain
a motion to transfer the present record into the new cause.

 The appeal is dismissed.

Before Justices Jones, Kidd and B. A. Smith 

Dismissed for Want of Jurisdiction

Filed: October 16, 1996 

Do Not Publish
1.   Amendments to these statutes subsequent to the commission of the offenses are
irrelevant.